1  WILSON TURNER KOSMO LLP
   MARISSA L. LYFTOGT (259559)
2  KRYSTAL N. WEAVER (286930)
   550 West C Street, Suite 1050
3  San Diego, California 92101
   Telephone: (619) 236-9600
4  Facsimile: (619) 236-9669
   E-mail: mlyftogt@wilsonturnerkosmo.com
5  E-mail: kweaver@wilsonturnerkosmo.com

6  Attorneys for Defendants
   ACCENTURE LLP, ACCENTURE LLC and
7  ZENTA MORTGAGE SERVICES, LLC

8

9  **UNITED STATES DISTRICT COURT**

10  **NORTHERN DISTRICT OF CALIFORNIA**

11

12  RICHARD MILLS, an individual,                     Case No.

13              Plaintiff,                            **DEFENDANTS' NOTICE OF
                                                      REMOVAL OF CIVIL ACTION
14         v.                                         UNDER 28 U.S.C. §1441(a); 28 U.S.C.
                                                      §1332 (DIVERSITY JURISDICTION)**
15  ACCENTURE LLP, an Illinois limited liability
    partnership; ACCENTURE LLC, an Illinois           Complaint Filed: December 5, 2017
16  limited liability company; ZENTA MORTGAGE
    SERVICES, LLC, a Delaware limited liability       Dept.:
17  company; and DOES 1-50 inclusive,                 Judge:    Hon.
                                                      Trial Date: Not Set
18              Defendants.

19

20         TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND

21  THEIR ATTORNEYS OF RECORD:

22         PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332(a), 1441, and 1446,

23  Defendants Accenture LLP, Accenture LLC, and Zenta Mortgage Services LLC (collectively,

24  "Defendants") hereby remove the above-entitled action from the Superior Court of the State of

25  California for the County of Sacramento to the United States District Court for the Northern District

26  of California on the basis of diversity of citizenship. Defendants state the following in support of

27  their removal:

28  ///

-1-                                                            Case No.
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(a); 28
                   U.S.C. §1332 (DIVERSITY JURISDICTION)

## I. THE REMOVED CASE

1. On December 5, 2017, Plaintiff Richard Mills ("Plaintiff") commenced an action in the Superior Court of the State of California, County of Sacramento, entitled *Richard Mills v. Accenture LLP, Accenture LLC and Zenta Mortgage Services, LLC*, Case No. 34-2017-00223213, by the filing of a Complaint (the "State Action"). A copy of the Complaint issued in this matter is attached hereto as Exhibit A.

2. The Complaint contains six causes of action against Defendants. The causes of action asserted are: (1) Disability Discrimination (Gov. Code § 12940(a)); (2) Failure to Make Reasonable Accommodation (Gov. Code § 12940(m)); (3) Failure to Engage in the Interactive Process (Gov. Code § 12940(n); (4) Retaliation (Gov. Code § 12940(h)); (5) Failure to Prevent Discrimination and Retaliation (Gov. Code § 12940(k)); and (6) Wrongful Termination in Violation of Public Policy. (Exh. A, Compl.)

3. On January 16, 2018, Defendants filed and served an Answer to Plaintiff's Complaint in Sacramento Superior Court. A copy of Defendants' Answer, which was received by the Sacramento Superior Court on January 16, 2018, is attached hereto as Exhibit B.

4. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441, because it is a civil action between citizens of different states or foreign states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## II. PROCEDURAL REQUIREMENTS

5. Accenture LLC was served with the Summons and Complaint through its agent for service of process on December 18, 2017. A true and correct copy of the Summons, Notice of Case Management Conference and Order to Appear, and Proof of Service for Accenture LLC is attached hereto as Exhibit C. On information and belief, Accenture LLP and Zenta Mortgage Services, LLC have not been served with the Summons and Complaint, but nonetheless join in this removal as service is not a prerequisite for removal.

///

1      6.    Defendants are entitled to remove the State Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based, or within 30 days after the service of the summons. See 28 U.S.C. § 1446(b). This Notice of Removal is timely as it was filed within 30 days of service on Accenture LLC of the initial pleading on December 18, 2017.

    7.    This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(c).

    8.    Removal to this Court is proper pursuant to 28 U.S.C. §1441(a), as the Superior Court of the State of California for the County of Sacramento is located within the Northern District of California.

    9.    Counsel for Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Sacramento and give notice of same to counsel for Plaintiff.

    10.    A true and correct copy of all process, pleadings and orders served and/or filed in this action at the time of this removal and known to Defendants are attached hereto as Exhibits A through C. Pursuant to 28 U.S.C. § 1446(a), and to the best of Defendants' knowledge, Exhibits A through C constitute all the process, pleadings, and orders served in this action at the time of this removal.

    11.    If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

    12.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

///

### III. COMPLETE DIVERSITY EXISTS

13. Plaintiff is, and was, at the time of the filing of the Complaint, a resident of the County of Sacramento, State of California. (See Exh. A, Compl. at ¶ 1.) Plaintiff's residence is prima facie evidence that he is domiciled in and a citizen of California for purposes of diversity. Barrera v. W. United Ins. Co., 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary." (quoting Anderson v. Watt, 138 U.S. 694, 706 (1891)); Bradley Min. Co. v. Boice, 194 F.2d 80, 84 (9th Cir. 1951) ("Proof of residence in a state is usually thought prima facie evidence of domicile sufficient to shift the burden of proof" for purposes of diversity jurisdiction).

14. Defendant Accenture LLP is, and was at the time this action was filed in state court, a limited liability partnership duly organized and existing under the laws of the State of Illinois, with its principal place of business located outside the State of California. Accenture LLP was not, and is not, a citizen of the State of California. None of Accenture LLP's two partners are, or was at the time the State Action was filed, a citizen of the State of California.

  a. The first partner in Accenture LLP is Accenture Inc., a corporation duly organized under the laws of the State of Delaware with its principal place of business located outside the State of California. Accenture Inc., was not, and is not, a citizen of the State of California.

  b. The second partner in Accenture LLP is Accenture LLC, a limited liability company duly organized under the laws of the State of Delaware with its principal place of business located outside the State of California. Accenture LLC was not, and is not, a citizen of the State of California. Accenture LLC has one member, Accenture Sub, Inc.

   i. Accenture Sub, Inc. is a corporation duly organized under the laws of the State of Delaware with its principal place of business located outside the State of California. Accenture Sub, Inc., was not, and is not, a citizen of the State of California.

15. Accenture LLC is, and was at the time this action was filed in state court, a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located outside the State of California. Accenture LLC was not, and is not, a citizen of the State of California. Accenture LLC has one member, Accenture Sub, Inc.

a. Accenture Sub, Inc. is a corporation duly organized under the laws of the State of Delaware with its principal place of business located outside the State of California. Accenture Sub, Inc., was not, and is not, a citizen of the State of California.

16. Zenta Mortgage Services, LLC is, and was at the time this action was filed in state court, a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located outside the State of California. Zenta Mortgage Services, LLC was not, and is not, a citizen of the State of California. Zenta Mortgage Services, LLC has one member, Zenta US Holdings Inc.

a. Zenta US Holdings Inc. is a corporation duly organized under the laws of the State of Delaware with its principal place of business located outside the State of California. Zenta US Holdings Inc., was not, and is not, a citizen of the State of California.

17. The Complaint also names Does 1-50 as defendants. (Ex. A, Compl. at ¶ 5.) Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of these defendants is disregarded for purposes of removal.

18. Based on the citizenship of Plaintiff, Accenture LLP, Accenture LLP, and Zenta Mortgage Services LLC, there is complete diversity of the parties.

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

19. From the face of the Complaint, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332.

20. The amount in controversy is determined by the relief a plaintiff seeks, not necessarily what he or she is either likely to, or ultimately does, obtain. Waller v. Hewlett-Packard Co., 2011 U.S. Dist. LEXIS 50408, at *8 n.3 (S.D. Cal. 2011); Muniz v. Pilot Travel Centers LLC, 2007 U.S. Dist. LEXIS 31515, *9-10 (E.D.Cal. 2007). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." Schiller v. David's Bridal, Inc., 2010 U.S. Dist. LEXIS 81128, at *6 (E.D. Cal. 2010). The Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

21. Defendants dispute that they are liable for any damages whatsoever to Plaintiff. Nevertheless, Defendants can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. Id.

22. In the Complaint, Plaintiff alleges he was unlawfully discriminated and retaliated against, and that Defendants failed to provide reasonable accommodation, failed to engage in the interactive process, and wrongfully terminated his employment in violation of public policy. (Exh. A, Compl. at ¶¶ 7-29.) As a result of the alleged misconduct, Plaintiff seeks back pay from July 28, 2016, future lost wages, as well as attorneys' fees and punitive damages. (Id. at ¶¶ 36-40, 46-50, 57-61, 67-71, 77-81, 84-86 & Prayer for Relief 1, 3 & 6.) Plaintiff also seeks lost benefits and opportunities as a result of his alleged wrongful termination. (Id. at ¶¶ 36, 38, 46, 48, 57, 59, 67, 69, 71, 79, 84.)

23. At the time of Plaintiff's termination, Plaintiff earned $17.31 per hour, working approximately 40 hours per week. Thus, Plaintiff's back pay from July 28, 2016 to the present equates to approximately $54,000. Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (stating that district courts rely on the general rule that lost wages in a wrongful termination case may reasonably be calculated from the date of termination to the date of removal).

24. While Plaintiff's lost wages amount to over $54,000, Plaintiff also seeks potential future lost wages, which include additional raises, benefits, and promotions. (Exh. A, Compl., ¶¶ 36, 46, 57, 67, 77; Simmons, 209 F. Supp. 2d at 1032 (recognizing that for purposes of removal, it is "reasonable to expect" some amount of lost wages through trial).

25. Plaintiff also seeks punitive damages. (See Exh. A, Compl. at ¶¶ 39, 49, 60, 70, 80, Prayer For Relief 3.) Punitive damages may be included in the amount in controversy if allowed by law. See, e.g., Gibson v. Chrysler Corp., 261 F.3d 927, 945-46 (9th Cir. 2001) (finding the amount in controversy may include punitive damages when recoverable as a matter of law). Punitive damages may be awarded in FEHA cases. See, e.g., Roby v. McKesson Corp., 4 7 Cal. 4th 686 (2009) (affirming $1,905,000 punitive damages award in FEHA disability discrimination and

harassment case). Punitive damages are usually awarded as a single-digit multiplier of compensatory damages. See Nickerson v. Stonebridge Life Ins. Co. 63 Cal.4th 363, 367 (Cal. Ct. App. 2016) ("Absent special justification, ratios of punitive damages to compensatory damages that greatly exceed 9 or 10 to 1 are presumed to be excessive"). As such, punitive damages ranging from $54,000 to $270,000 (1 to 5 multiplier) would not be out of the norm.

26. Finally, Plaintiff seeks attorneys' fees and costs. (Exh. A, Compl. at ¶¶ 40, 50, 61, 71, 81 & Prayer For Relief 6.) Such fees and costs are properly included in the computation of the amount of controversy if the substantive law of the forum state allows the plaintiff to recover such fees. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). California Government Code section 12965, subdivision (b), authorizes the award of reasonable attorneys' fees to the prevailing party in a Fair Employment and Housing Act ("FEHA") suit. Assuming an average hourly rate of $300.00 per hour, and approximately 30 hours for the initial intake, investigation and preparation of the State Action, this equates to $9,000.

27. Thus, taken together, Plaintiff seeks damages well in excess of the $75,000 threshold based on the face of the Complaint.

## V. CONCLUSION

28. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, and the State Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

Dated:      January 17, 2018          **WILSON TURNER KOSMO LLP**


By:   /s/Krystal N. Weaver
      MARISSA L. LYFTOGT
      KRYSTAL N. WEAVER
      Attorneys for Defendants
      ACCENTURE LLP, ACCENTURE LLC and
      ZENTA MORTGAGE SERVICES, LLC