EXHIBIT A

**JML LAW**
A PROFESSIONAL LAW CORPORATION
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
DAVID TIBOR, STATE BAR NO. 230563
MYTHILY SIVARAJAH, STATE BAR NO. 252494

Attorneys for Plaintiff
**RICHARD MILLS**

FILED
Superior Court Of California,
Sacramento
12/05/2017
aseagle
By_____, Deputy
Case Number:
**34-2017-00223213**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO - CIVIL DIVISION**

| | |
|---|---|
| RICHARD MILLS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ACCENTURE LLP, an Illinois limited liability partnership; ACCENTURE LLC, an Illinois limited liability company; ZENTA MORTGAGE SERVICES, LLC, a Delaware limited liability company; and Does 1-50; inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. Disability Discrimination (Gov. Code § 12940(a));<br>2. Failure to Make a Reasonable Accommodation (Gov. Code § 12940(m));<br>3. Failure to Engage in Interactive Process (Gov. Code § 12940(n));<br>4. Retaliation (Gov. Code § 12940(h));<br>5. Failure to Prevent Discrimination and Retaliation (Gov. Code § 12940(k)) ;<br>6. Wrongful Termination in Violation of Public Policy |

**JURY TRIAL DEMANDED**   **BY FAX**

    Plaintiff, RICHARD MILLS, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

///

///

///

///

1
COMPLAINT

**THE PARTIES**

1.      Plaintiff RICHARD MILLS ("Mr. MILLS" or "PLAINTIFF") is an individual residing in the County of Sacramento, State of California. At all relevant times herein mentioned, Mr. MILLS resided in the State of California.

2.      At all relevant times herein mentioned, Defendant ACCENTURE LLP was, and is, is a limited liability partnership organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois and was and is doing business in the County of Sacramento.

3.      At all relevant times herein mentioned, Defendant ACCENTURE LLC was, and is, is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois and was and is doing business in the County of Sacramento.

4.      At all relevant times herein mentioned, Defendant ZENTA MORTGAGE SERVICES, LLC was, and is, is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Charlotte, North Carolina and was and is doing business in the County of Sacramento.

5.      Defendants ACCENTURE LLP, ACCENTURE LLC, ZENTA MORTGAGE SERVICES, LLC and DOES 1 through 50 are collectively referred to as "DEFENDANTS."

6.      Mr. MILLS is informed and believes and thereon alleges that each Defendant named in this action, including the Doe Defendants, at all relevant times were the agents, ostensible agents, servants, employees, representatives, assistants and/or co-conspirators of each of the other Defendants and were at all times acting at least in part within the course and scope of his, her, or its authority as agents, ostensible agents, servants, employees, representatives and/or associates, with the authorization, consent, permission or ratification of each of the other Defendants.

**GENERAL AND BACKGROUND ALLEGATIONS**

7.      From on or about December 2, 2015 until July 28, 2016, Mr. MILLS was an employee of Defendants ACCENTURE LLP, ACCENTURE LLC, ZENTA MORTGAGE

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    SERVICES, LLC and Does 1 through 50, in Rancho Cordova, California.

2       8.      The acts and omissions of DEFENDANTS alleged herein, except as otherwise

3    noted, occurred in the County of Sacramento, State of California.

4       9.      On or about December 2, 2015, Mr. Mills began his employment as a Transaction

5    Processing Analyst for DEFENDANTS in Rancho Cordova.

6       10.     At all times during his employment, Mr. MILLS performed his job competently.

7       11.     Between January 20 to 22, 2016, Mr. MILLS was out sick due to his disabilities,

8    anxiety disorder and major depressive disorder.

9       12.     On or about January 25, 2016, when Mr. MILLS returned to work, he was

10   scrutinized for the time he took off for being out sick.

11      13.     On or about January 25, 2016, Mr. MILLS' supervisors, Grace Kapuan, and

12   Nancy Jann, informed him that he did not have enough time to take sick leave. When Mr.

13   MILLS disputed this assertion, stating that that he believed employees are allowed at least five

14   (5) days off work each, Ms. Jann questioned whether Mr. MILLS actually wanted to work for

15   DEFENDANTS. At this time, Mr. MILLS disclosed that the working conditions were

16   exacerbating his disabilities and that he took medical leave from January 20-22, 2016 due to

17   treatment for his disabilities.

18      14.     On or about April 27, 2016, Mr. MILLS needed to take an additional two more

19   days off as a result of his disabilities.

20      15.     On or about May 3, 2016, Ms. Kapuan yelled at her employees in a meeting,

21   which Mr. MILLS and other employees deemed inappropriate and stressful.

22      16.     On or about May 4, 2016, Mr. MILLS complained to human resources

23   anonymously by presenting a letter setting forth the hostile working environment created by Ms.

24   Kapuan's conduct on May 3, 2016 and sought an investigation to redress the situation.

25      17.     On or about May 4, 2016, Ms. Kapuan questioned Mr. MILLS about the May 3,

26   2016 incident. Mr. MILLS earnestly informed her that he believed he should not yell at her

27   employees in the manner that she did.

28      18.     On or about May 5, 2016, Ms. Nancy Jann, Unit Manager and Ms. Kapuan's

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

3

COMPLAINT

1   direct manager, questioned Mr. MILLS regarding the May 3, 2016 incident and Mr. MILLS

2   again responded earnestly about the extent to which his peers were offended and outraged by Ms.

3   Kapuan's conduct and directives from that day.

4        19.     Later that same day on May 5, 2016, Ms. Jann announced that Mr. MILLS' team

5   will be disbanded except for two of the employees, Roneesha Jenkins and Janelle, whose last

6   name is unknown to PLAINTIFF at this time.

7        20.     From May 6 to May 9, 2016, Mr. MILLS called in sick due to his disabilities.

8        21.     On or about May 10, 2016 when Mr. MILLS returned to work, he requested a

9   transfer to a different location and/or position as an accommodation for his disabilities.

10       22.     Within hours after Mr. MILLS' request for reasonable accommodations on May

11  10, 2016, a human resource representative, Andrea Stapp-Holland and Ms. Jann met with him to

12  warn him that any further unplanned absences even with the use of paid time off would not be

13  permitted whether or not due to Mr. MILLS' disabilities. They also informed Mr. MILLS that

14  while they would consider a transfer, it was not likely feasible. Further they informed him that

15  since Mr. MILLS should consider resigning. Mr. MILLS immediately responded that he will do

16  what he needs to do to keep his job and did not intend on resigning.

17       23.     Later in the day on May 10, 2016, Ms. Jann further informed Mr. MILLS that she

18  was planning to halt his workflow on the assumption that Mr. MILLS will likely be leaving

19  DEFENDANTS.

20       24.     On or about May 11, 2016, Mses. Stapp-Holland and Jann informed Mr. MILLS

21  that a transfer to another department like the call center was not viable. At this same meeting,

22  they urged Mr. MILLS to resign as they deemed that he was not able to perform his job with his

23  disabilities. In response, Mr. MILLS again responded that he did not intend to quit and intended

24  to continue working.

25       25.     On or about June 22, 2016, Ms. Jann reprimanded Mr. MILLS for allegedly using

26  his cell phone during work hours and warned that he would be terminated should there be

27  another similar occurrence.

28       26.     On or about July 19, 2016, Ms. Jann reprimanded Mr. MILLS after receiving an

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

4

1    alleged complaint from a customer.

2         27.    On or about July 21, 2016, Mses. Stapp-Holland and Lori Witz, Ms. Jann's

3    supervisor, reprimanded Mr. MILLS of allegedly hanging up on a customer and informed him

4    that he will be terminated on July 28, 2016.

5         28.    On or about July 28, 2016, DEFENDANTS terminated Mr. MILLS' employment.

6         29.    On July 24, 2017, Mr. MILLS filed a complaint with the California Department of

7    Fair Employment and Housing ("DFEH") and received an immediate "right to sue" letter.

8                                  **FIRST CAUSE OF ACTION**

9                        **DISABILITY DISCRIMINATION**

10        **IN VIOLATION OF GOVERNMENT CODE § 12940(a) ET SEQ. (FEHA)**

11                      **(Against All Defendants)**

12        30.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

13   the foregoing paragraphs, as though set forth herein.

14        31.    At all times mentioned in this complaint, each of the DEFENDANTS regularly

15   employed five or more persons, bringing DEFENDANTS within the provisions of California

16   Fair Employment and Housing Act ("FEHA"), Government Code, § 12926(d).

17        32.    This cause of action is brought pursuant to the FEHA, Gov. Code, § 12940(a)

18   which prohibits an employer from discriminating against employees, such as Mr. MILLS, on the

19   basis of the employee's disability and/or perceived disability.

20        33.    Mr. MILLS was in a protected class as a qualified individual that limited his

21   major life activities. Specifically, but without limitation, Mr. MILLS suffered from anxiety

22   disorder and major depressive disorder. As a result of his anxiety disorder and major depressive

23   disorder, Mr. MILLS was disabled under Gov. Code §§ 12926 and 12926.1.

24        34.    DEFENDANTS engaged in a pattern and practice of discriminating against

25   employees, including Mr. MILLS, and did discriminate against Mr. MILLS, on the basis of

26   disability, in compensation and conditions or privileges of employment, ultimately resulting in

27   the wrongful termination of Mr. MILLS. But for Mr. MILLS' disability, DEFENDANTS would

28   not have taken adverse employment actions against him, including termination of his

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1   employment.

2       35.    Mr. MILLS timely filed charges of discrimination and received Notices of Right

3   to Sue from the DFEH. Thus, Mr. MILLS has exhausted his administrative remedies.

4       36.    As the legal result of DEFENDANTS' conduct, Mr. MILLS has suffered and

5   continues to suffer substantial losses of wages, salary, benefits and additional amounts of money

6   that Mr. MILLS would have received if DEFENDANTS had not discriminated against him as

7   alleged above. Mr. MILLS has further suffered and continues to suffer losses incurred in seeking

8   substitute employment and earnings. As a result of such discrimination and consequent harm,

9   Mr. MILLS has suffered such damages in an amount according to proof. Mr. MILLS claims such

10   amounts as damages pursuant to California Civil Code § 3287 and/or §3288 and/or any other

11   provision of law providing for prejudgment interest.

12       37.    As the further legal result of DEFENDANTS' conduct, Mr. MILLS has suffered

13   and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his

14   damage in an amount according to proof.

15       38.    As the further legal result of DEFENDANTS' conduct, Mr. MILLS has been

16   harmed in that he has suffered the intangible loss of such employment-related opportunities as

17   experience and status in the positions previously held by him, all to his damage in an amount

18   according to proof.

19       39.    The above-cited conduct of DEFENDANTS was done with malice, fraud and

20   oppression, and in reckless disregard of Mr. MILLS' rights under the FEHA. DEFENDANTS

21   consciously, intentionally and in conscious disregard of his rights discriminated against Mr.

22   MILLS because of his disability. Mr. MILLS is thus entitled to recover punitive damages from

23   DEFENDANTS in an amount according to proof.

24       40.    As the result of DEFENDANTS' discriminatory acts as alleged herein, Mr.

25   MILLS is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, Gov.

26   Code § 12965(b).

27       WHEREFORE, Mr. MILLS requests relief as hereinafter provided.

28

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE

### IN VIOLATION OF GOVERNMENT CODE § 12940(M) ET SEQ. (FEHA)

#### (Against All Defendants)

41.     PLAINTIFF re-alleges and incorporates herein by this reference the allegations in the foregoing paragraphs, as though set forth herein.

42.     At all times mentioned in this complaint, each of the DEFENDANTS regularly employed five or more persons, bringing DEFENDANTS within the provisions of FEHA, Government Code, § 12926(d).

43.     This cause of action is brought pursuant to the FEHA, Gov. Code, §12940(m) requiring employers to make reasonable accommodation for the disabilities of employees, such as Mr. MILLS' disability.

44.     Mr. MILLS was afflicted with anxiety and major depressive disorders, which are protected under the FEHA. As a result of Mr. MILLS' disabilities, he required reasonable accommodations to fully perform the duties of his job with DEFENDANTS. DEFENDANTS, however, refused to reasonably accommodate Mr. MILLS, although DEFENDANTS easily could have done so.

45.     Mr. MILLS timely filed a charge of discrimination and received a Notice of Right to Sue from the DFEH. Thus, Mr. MILLS has exhausted his administrative remedies.

46.     As the legal result of DEFENDANTS' conduct, Mr. MILLS has suffered and continues to suffer substantial losses of wages, salary, benefits and additional amounts of money that Mr. MILLS would have received if DEFENDANTS had not discriminated against him and refused to accommodate him as alleged above. As a result of such discrimination and failure to accommodate and consequent harm, Mr. MILLS has suffered such damages in an amount according to proof. Mr. MILLS claims such amounts as damages pursuant to California Civil Code § 3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

47.     As the further legal result of DEFENDANTS' conduct, Mr. MILLS has suffered and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his

1  damage in an amount according to proof.

2      48.    As the further legal result of DEFENDANTS' conduct, Mr. MILLS has been

3  harmed in that he has suffered the intangible loss of such employment-related opportunities as

4  experience and status in the positions previously held by him, all to his damage in an amount

5  according to proof.

6      49.    The above-cited conduct of DEFENDANTS was done with malice, fraud and

7  oppression, and in reckless disregard of Mr. MILLS' rights under the FEHA. DEFENDANTS

8  consciously, intentionally and in conscious disregard of his rights discriminated against Mr.

9  MILLS by refusing to reasonably accommodate his disability. Mr. MILLS is thus entitled to

10 recover punitive damages from DEFENDANTS in an amount according to proof.

11     50.    As the result of DEFENDANTS' discriminatory acts as alleged herein, Mr.

12 MILLS is entitled to reasonable attorneys' fees and costs of suit as provided by California

13 Government Code section 12965(b).

14     WHEREFORE, Mr. MILLS requests relief as hereinafter provided.

15             **THIRD CAUSE OF ACTION**

16     **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

17  **IN VIOLATION OF GOVERNMENT CODE § 12940(n) ET SEQ. (FEHA)**

18              **(Against All Defendants)**

19     51.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

20 the foregoing paragraphs, as though set forth herein.

21     52.    At all times mentioned in this complaint, each of the DEFENDANTS regularly

22 employed five or more persons, bringing DEFENDANTS within the provisions of FEHA,

23 Government Code, § 12926(d).

24     53.    This cause of action is brought pursuant to the FEHA, Gov. Code, § 12940(n)

25 prohibiting employers from refusing to engage in a timely, good faith interactive process.

26     54.    Mr. MILLS was afflicted with anxiety and major depressive disorders, which are

27 protected under the FEHA. As a result of Mr. MILLS' disabilities, he required reasonable

28 accommodations to fully perform the duties of his job with DEFENDANTS. DEFENDANTS,

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

8

COMPLAINT

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    however, refused to reasonably accommodate Mr. MILLS, although DEFENDANTS easily

2    could have done so.

3          55.    Moreover, in rejecting Mr. MILLS' requests for accommodations and/or refusing

4    to accommodate Mr. MILLS, DEFENDANTS failed to engage in a timely, good faith interactive

5    process with Mr. MILLS to determine effective reasonable accommodations.

6          56.    Mr. MILLS timely filed a charge of discrimination and received a Notice of Right

7    to Sue from the DFEH. Thus, Mr. MILLS has exhausted his administrative remedies.

8          57.    As the legal result of DEFENDANTS' conduct, Mr. MILLS has suffered and

9    continues to suffer substantial losses of wages, salary, benefits and additional amounts of money

10   that Mr. MILLS would have received if DEFENDANTS had not discriminated against him, had

11   reasonably accommodated him, and/or had engaged in the interactive process as alleged above.

12   As a result of DEFENDANTS' actions and consequent harm, Mr. MILLS has suffered such

13   damages in an amount according to proof. Mr. MILLS claims such amounts as damages pursuant

14   to California Civil Code § 3287 and/or §3288 and/or any other provision of law providing for

15   prejudgment interest.

16         58.    As the further legal result of DEFENDANTS' conduct, Mr. MILLS has suffered

17   and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his

18   damage in an amount according to proof.

19         59.    As the further legal result of DEFENDANTS' conduct, Mr. MILLS has been

20   harmed in that he has suffered the intangible loss of such employment-related opportunities as

21   experience and status in the positions previously held by him, all to his damage in an amount

22   according to proof.

23         60.    The above-cited conduct of DEFENDANTS was done with malice, fraud and

24   oppression, and in reckless disregard of Mr. MILLS' rights under the FEHA. DEFENDANTS

25   consciously, intentionally and in conscious disregard of his rights discriminated against Mr.

26   MILLS by refusing to engage in a timely, good faith interactive process. Mr. MILLS is thus

27   entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

28         61.    As the result of DEFENDANTS acts as alleged herein, Mr. MILLS is entitled to

1   reasonable attorneys' fees and costs of suit as provided by California Government Code §

2   12965(b).

3          WHEREFORE, Mr. MILLS requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**RETALIATION**

**IN VIOLATION OF GOVERNMENT CODE § 12940(h) ET SEQ. (FEHA)**

**(Against All Defendants)**

8          62.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

9   the foregoing paragraphs, as though set forth herein.

10         63.    At all times mentioned in this complaint, each of the DEFENDANTS regularly

11  employed five or more persons, bringing DEFENDANTS within the provisions of FEHA,

12  Government Code, § 12926(d).

13         64.    This cause of action is brought pursuant to the FEHA, Gov. Code, § 12940(h)

14  preventing DEFENDANTS from discharging or otherwise discriminating against any employee,

15  such as Mr. MILLS, for exercising rights protected under the FEHA.

16         65.    DEFENDANTS engaged in a pattern and practice of retaliating against

17  employees, including Mr. MILLS, for exercising protected rights. DEFENDANTS' adverse

18  actions, including, but not limited to, termination, and failure to transfer, were at least in part, in

19  retaliation for Mr. MILLS' suffering a disability, taking medical leave and/or requesting

20  reasonable accommodation.

21         66.    Mr. MILLS timely filed a charge of discrimination and received a Notice of Right

22  to Sue from DFEH. Thus, Mr. MILLS has exhausted his administrative remedies.

23         67.    As the legal result of DEFENDANTS' conduct, Mr. MILLS has suffered and

24  continues to suffer substantial losses of wages, salary, benefits and additional amounts of money

25  that Mr. MILLS would have received if DEFENDANTS had not retaliated against him as alleged

26  above. As a result of DEFENDANTS' actions and consequent harm, Mr. MILLS has suffered

27  such damages in an amount according to proof. Mr. MILLS claims such amounts as damages

28  pursuant to California Civil Code § 3287 and/or §3288 and/or any other provision of law

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1   providing for prejudgment interest.

2        68.     As the further legal result of DEFENDANTS' conduct, Mr. MILLS has suffered

3   and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his

4   damage in an amount according to proof.

5        69.     As the further legal result of DEFENDANTS' conduct, Mr. MILLS has been

6   harmed in that he has suffered the intangible loss of such employment-related opportunities as

7   experience and status in the positions previously held by him, those he would have held, all to

8   his damage in an amount according to proof.

9        70.     The above-cited conduct of DEFENDANTS was done with malice, fraud and

10  oppression, and in reckless disregard of Mr. MILLS' rights under the FEHA. DEFENDANTS

11  consciously, intentionally and in conscious disregard of his rights retaliated against Mr. MILLS.

12  Mr. MILLS is thus entitled to recover punitive damages from DEFENDANTS in an amount

13  according to proof.

14       71.     As the result of DEFENDANTS' discriminatory and retaliatory acts as alleged

15  herein, Mr. MILLS is entitled to reasonable attorneys' fees and costs of suit as provided by

16  California Government Code, § 12965(b).

17       WHEREFORE, Mr. MILLS requests relief as hereinafter provided.

18                          **FIFTH CAUSE OF ACTION**

19       **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

20       **IN VIOLATION OF GOVERNMENT CODE § 12940(k) (FEHA)**

21                          **(Against All Defendants)**

22       72.     PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

23  the foregoing paragraphs, as though set forth herein.

24       73.     At all times mentioned in this complaint, each of the DEFENDANTS regularly

25  employed five or more persons, bringing DEFENDANTS within the provisions of FEHA,

26  Government Code, § 12926(d).

27       74.     DEFENDANTS violated the FEHA, Gov. Code §12940(k) by, among other

28  things, failing to take all reasonable steps to prevent discrimination from occurring, and failing to

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

11
COMPLAINT

1   promptly and effectively investigate and remediate complaints of discrimination, retaliation and

2   failure to accommodate. Mr. MILLS requested a protected disability leave and reasonable

3   accommodations. DEFENDANTS' employees denied these requests and, instead, terminated Mr.

4   MILLS' employment and refused to transfer him. To Mr. MILLS' knowledge, DEFENDANTS

5   failed to express disapproval of its employees' behaviors and failed to take any meaningful or

6   adequate

7        75.    The response of DEFENDANTS to Mr. MILLS' requests was so inadequate as to

8   establish a deliberate indifference to, or tacit authorization of, the alleged offensive acts, and a

9   causal link existed between DEFENDANTS' lack of reasonable actions and the injuries suffered

10  by Mr. MILLS.

11       76.    Mr. MILLS timely filed a charge of discrimination and received a Notice of Right

12  to Sue from the DFEH. Thus, Mr. MILLS has exhausted his administrative remedies.

13       77.    As the legal result of DEFENDANTS' conduct, Mr. MILLS has suffered and

14  continues to suffer substantial losses of wages, salary, benefits and additional amounts of money

15  that Mr. MILLS would have received if DEFENDANTS had not acted unlawfully as alleged

16  above. As a result of such actions and consequent harm, Mr. MILLS has suffered such damages

17  in an amount according to proof. Mr. MILLS claims such amounts as damages pursuant to

18  California Civil Code § 3287 and/or §3288 and/or any other provision of law providing for

19  prejudgment interest.

20       78.    As the further legal result of DEFENDANTS' conduct, Mr. MILLS has suffered

21  and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his

22  damage in an amount according to proof.

23       79.    As the further legal result of DEFENDANTS' conduct, Mr. MILLS has been

24  harmed in that he has suffered the intangible loss of such employment-related opportunities as

25  experience and status in the positions previously held by him, all to his damage in an amount

26  according to proof.

27       80.    The above-cited conduct of DEFENDANTS was done with malice, fraud and

28  oppression, and in reckless disregard of Mr. MILLS' rights under the FEHA. DEFENDANTS

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

12
COMPLAINT

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    consciously, intentionally and in conscious disregard of his rights failed to take reasonable steps

2    to prevent discrimination and/or retaliation. Mr. MILLS is thus entitled to recover punitive

3    damages from DEFENDANTS in an amount according to proof.

4         81.    As the result of DEFENDANTS' unlawful acts as alleged herein, Mr. MILLS is

5    entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, Gov. Code, §

6    12965(b).

7         WHEREFORE, Mr. MILLS requests relief as hereinafter provided.

8                        **SIXTH CAUSE OF ACTION**

9         **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

10                         **(Against All Defendants)**

11        82.    PLAINTIFF re-alleges and incorporates herein by this reference the allegations in

12   the foregoing paragraphs, as though set forth herein.

13        83.    At all times mentioned, the public policy of the State of California, as codified,

14   expressed and mandated in California Government Code § 12940, is to prohibit employers from

15   discriminating, harassing and retaliating against any individual on the basis of, but not limited to,

16   gender, race, age, disability and national origin as identified in California Government Code §

17   12940 (a)-(o). This public policy of the State of California is designed to protect all employees

18   and to promote the welfare and well being of the community at large. Accordingly, the actions of

19   DEFENDANTS, and each of them, in terminating PLAINTIFF on the grounds alleged and

20   described herein were wrongful and in contravention of the express public policy of the State of

21   California, to wit, the policy set forth in California Government Code § 12940 et seq., and the

22   laws and regulations promulgated thereunder.

23        84.    As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has

24   suffered actual, consequential and incidental financial losses, including without limitation, loss

25   of salary and benefits, and the intangible loss of employment related opportunities in his field

26   and damage to his professional reputation, all in an amount subject to proof at the time of trial.

27   Mr. MILLS claims such amounts as damages pursuant to California Civil Code § 3287 and/or §

28   3288 and/or any other provision of law providing for prejudgment interest.

---

13

COMPLAINT

85.     As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has suffered and continues to suffer stress, anxiety, depression, humiliation, and great emotional trauma. PLAINTIFF is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

86.     As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Mr. MILLS is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

87.     DEFENDANTS had in place policies and procedures that specifically required DEFENDANTS' managers officers and agents to prevent discrimination, retaliation and harassment against and upon employees of DEFENDANTS, based on the protected classes identified in the California Fair Employment and Housing Act, California Government Code § 12940 et. seq.  DEFENDANTS' managers, officers and/or agents of DEFENDANTS were aware of DEFENDANTS' policies and procedures requiring DEFENDANTS' managers, officers and agents to prevent and investigate discrimination and retaliation based on disability, against and upon employees of DEFENDANTS. Mr. MILLS relied on the fact that managers, officers and agents would follow these known policies; yet, the managers, officers and agents consciously chose not to follow these policies. Therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of PLAINTIFF and the rights and duties owed by each of the DEFENDANTS to PLAINTIFF. Each of the DEFENDANTS aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Mr. MILLS should, therefore, be awarded exemplary and punitive damages against each of the DEFENDANTS in an amount to be established that is appropriate to punish each of the DEFENDANTS and deter others from engaging in such conduct.

WHEREFORE, Mr. WILSON requests relief as hereinafter provided.

## JURY DEMAND

PLAINTIFF demands a jury to all issues joined herein.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF requests relief as follows:

1.      For special and economic damages according to proof;

2.      For general and non-economic damages;

3.      For punitive damages according to proof;

4.      For prejudgment interest at the prevailing legal rate on all amounts claimed;

5.      For injunctive relief including requiring Defendant to adopt postings and changes in personnel policies and procedure regarding discrimination, retaliation and violations of the Labor Code and the Industrial Welfare Commission Orders, requiring training to ensure compliance with employees' rights, and for a permanent injunction enjoining Defendant, its agents, successors, employees and those acting in concert with them from engaging in each unlawful practice, policy, usage and custom set forth hereinabove, and for such other injunctive relief as the Court may deem proper;

6.      For costs of suit, including reasonable attorneys' fees and expert costs; and

7.      For any other and further relief that the court considers proper.

DATED:      December 5, 2017          JML AW, A Professional Law Corporation

By: _____

JOSEPH M. LOVRETOVICH

DAVID TIBOR

MYTHILY SIVARAJAH

Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

15

DEC 1 8 2017

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joseph M. Lovretovich; David F. Tibor; Mythily Sivarajah  73403; 230563; 252494<br>JML LAW, APLC<br>21052 Oxnard Street<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 610-8800     FAX NO.: (818) 610-3030<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>FILED<br>Superior Court Of California,<br>Sacramento<br>12/05/2017<br>aseagle<br>By_____, Deputy<br>Case Number:<br>34-2017-00223213 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO
STREET ADDRESS: 720 NINTH STREET
MAILING ADDRESS: 720 NINTH STREET
CITY AND ZIP CODE: SACRAMENTO, CA 95814
BRANCH NAME: Civil and Criminal Gordon D. Schaber Courthouse

CASE NAME:
MILLS v ACCENTURE LLP

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

BY FAX

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/5/2017
Joseph Lovretovich; David Tibor; Mythily Sivarajah
_____(TYPE OR PRINT NAME)_____        ▶        _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT B

1  WILSON TURNER KOSMO LLP
   MARISSA L. LYFTOGT (259559)
2  KRYSTAL N. WEAVER (286930)
   550 West C Street, Suite 1050
3  San Diego, California 92101
   Telephone: (619) 236-9600
4  Facsimile: (619) 236-9669
   E-mail: mlyftogt@wilsonturnerkosmo.com
5  E-mail: kweaver@wilsonturnerkosmo.com

6  Attorneys for Defendants
   ACCENTURE LLP, ACCENTURE LLC, and
7  ZENTA MORTGAGE SERVICES, LLC

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SACRAMENTO

10

11 | RICHARD MILLS, an individual, | Case No. 34-2017-00223213 |

12 |        Plaintiff, | **DEFENDANTS ACCENTURE LLP, ACENTURE LLC AND ZENTA MORTGAGE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

13 |        v. |

14 | ACCENTURE LLP, an Illinois limited liability partnership; ACCENTURE LLC, an Illinois limited liability company; ZENTA MORTGAGE SERVICES, LLC, a Delaware limited liability company; and Does 1-50; inclusive, | Complaint Filed: December 5, 2017 |

15 | | Dept.: 30 |

16 | | Judge: Hon. Kevin R. Culhane |

17 | | Trial Date: Not Set |

18 |        Defendants. |

19

20      Defendants ACCENTURE LLP (Accenture LLP), ACCENTURE LLC (Accenture LLC) and

21 ZENTA MORTGAGE SERVICES, LLC (Zenta) (collectively, Defendants) hereby answer the

22 unverified Complaint of Plaintiff RICHARD MILLS (Plaintiff) as follows:

23                      **GENERAL DENIAL**

24      Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally deny

25 each and every allegation in each and every paragraph and cause of action in Plaintiff's Complaint,

26 deny that Plaintiff was injured or has suffered damages in any sum, and further deny that Plaintiff is

27 entitled to the relief claimed, or any relief, on the grounds alleged or otherwise.

28

                                    1

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### *(Failure to State Causes of Action)*

The Complaint and each and every purported cause of action thereof fails to state facts sufficient to constitute any cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### *(Not the Employer)*

Accenture LLC and Accenture LLP deny any liability for each of Plaintiff's causes of action in the Complaint because neither entity was Plaintiff's employer.

## THIRD AFFIRMATIVE DEFENSE

### *(Statute of Limitations)*

All Plaintiff's causes of action may be barred, in whole or part, by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340, and 343 and California Government Code 12900 et seq.

## FOURTH AFFIRMATIVE DEFENSE

### *(Estoppel/Waiver/Consent/Unclean Hands)*

The Complaint and each of its causes of action may be barred, in whole or part, by the doctrines of estoppel, waiver, consent, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### *(Comparative Fault)*

The damages allegedly suffered by Plaintiff, if any, are the direct and proximate result of the acts or omissions of parties other than Defendants, and the liability of Defendants, if any, is limited in direct proportion to the percentage of fault actually attributed to Defendants.

///

///

///

DEFENDANTS ACCENTURE LLP, ACENTURE LLC AND ZENTA MORTGAGE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Obligations Discharged)

Defendants have performed and fully discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiff's claim of wrongful discharge may be barred, in whole or in part, by the doctrine of after-acquired evidence.

## EIGHTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

Without admitting the allegations of the Complaint, Defendants allege that Plaintiff's employment was at-will and could be terminated at any time, with or without cause.

## NINTH AFFIRMATIVE DEFENSE

### (Just Cause Termination)

Without admitting the allegations of the Complaint, Defendants allege that Plaintiff was terminated for just cause and business reasons.

## TENTH AFFIRMATIVE DEFENSE

### (Managerial Discretion)

Regarding Plaintiff's disability discrimination, retaliation and wrongful termination causes of action, Plaintiff's employment was terminated in the exercise of proper managerial discretion and in good faith based on legitimate reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

The Complaint and each of its causes of action are barred because all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-discriminatory and non-retaliatory reasons and/or as a result of business necessity.

DEFENDANTS ACCENTURE LLP, ACENTURE LLC AND ZENTA MORTGAGE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## TWELFTH AFFIRMATIVE DEFENSE

2

### (No Ratification)

3  Defendants deny that they authorized, ratified, acquiesced in, had knowledge of, had reason

4 to know of, approved of, or directed action by any person or entities, constituting unlawful conduct

5 towards Plaintiff, whether as alleged or otherwise.

6

## THIRTEENTH AFFIRMATIVE DEFENSE

7

### (Same Decision Defense)

8  If it is found that Defendant's actions were motivated by both discriminatory and

9 nondiscriminatory reasons and/or by both retaliatory and non-retaliatory reasons, Defendant's

10 nondiscriminatory/non-retaliatory reasons alone would have induced it to make the same decision.

11

## FOURTEENTH AFFIRMATIVE DEFENSE

12

### (FEHA Claim May Not Exceed Allegations of Administrative Charge)

13  Plaintiff's claims under the California Fair Employment and Housing Act may not be

14 maintained to the extent they exceed or differ from the allegations of an administrative charge filed

15 with the appropriate administrative agency.

16

## FIFTEENTH AFFIRMATIVE DEFENSE

17

### (Failure to Exhaust External Administrative Remedies)

18  Plaintiff's claims under the Fair Employment and Housing Act may not be maintained to the

19 extent Plaintiff failed to exhaust external administrative remedies with the appropriate public or

20 governmental agencies.

21

## SIXTEENTH AFFIRMATIVE DEFENSE

22

### (Not a Qualified Individual)

23  Plaintiff's claims for disability discrimination, failure to accommodate and failure to engage

24 in the interactive process are barred to the extent he was not a qualified individual under the Fair

25 Employment and Housing Act because he was unable to perform the essential functions of his

26 position.

27

28

DEFENDANTS ACCENTURE LLP, ACENTURE LLC AND ZENTA MORTGAGE SERVICES, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT

### SEVENTEENTH AFFIRMATIVE DEFENSE

*(Undue Hardship)*

Defendant was not required to make any accommodation that would have constituted an undue hardship.

### EIGHTEENTH AFFIRMATIVE DEFENSE

*(Failure to Provide Adequate Information)*

Plaintiff's interactive process claim lacks merit because any breakdown in the interactive process was attributable to Plaintiff's failure to provide adequate information.

### NINETEENTH AFFIRMATIVE DEFENSE

*(Workers' Compensation Preemption)*

Plaintiff's claims for physical or emotional damages arising out of his employment with Defendants are preempted by the California Workers' Compensation Act.

### TWENTIETH AFFIRMATIVE DEFENSE

*(ERISA Preemption)*

Any damages sought for lost employment benefits are preempted by the Employment Retirement Income Security Act of 1974.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

*(Failure to Mitigate)*

Without admitting the allegations of the Complaint, Defendants allege that if Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own failure to mitigate against his alleged damages and that, therefore, Plaintiff's claims must be reduced, diminished or defeated by such amounts as should have been so mitigated.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

*(Avoidable Consequences Doctrine)*

Defendants exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior in the workplace.  Defendants are informed and believe, and on that basis allege, that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities

DEFENDANTS ACCENTURE LLP, ACENTURE LLC AND ZENTA MORTGAGE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

provided by Defendants to avoid harm or otherwise.  By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (*Offset*)

Defendants are entitled to offset for any monies received by Plaintiff from any source in compensation for his alleged economic damages and non-economic damages, including but not limited to, income received from alternate employment, disability benefits, workers' compensation benefits and/or settlement monies, unemployment benefits, pension benefits, and/or benefits from the Social Security Administration.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (*Alternate Stressors*)

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (*Adequate Remedy at Law*)

Injunctive relief is not appropriate because Plaintiff has an adequate legal remedy.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (*No Standing for Injunctive Relief*)

Plaintiffs lack standing to obtain injunctive relief because he is a former employee of Defendant. (See *Price v. Starbucks Corp.* (2011) 192 Cal. App. 4th 1136, 1143, fn. 5.)

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (*Implementation of Good Faith Policies Precludes Punitive Damages*)

Punitive damages are not available to Plaintiff because Defendants have in good faith implemented policies against discrimination and retaliation.

DEFENDANTS ACCENTURE LLP, ACENTURE LLC AND ZENTA MORTGAGE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2

### (*Punitive Damages Unwarranted*)

3   Plaintiff is not entitled to recover punitive damages or exemplary damages because none of

4 Defendants' officers, directors or managing agents committed the alleged oppressive, fraudulent or

5 malicious acts, or authorized or ratified the alleged acts, or had advance knowledge of the unfitness

6 of the employee(s) who allegedly committed the acts complained of by Plaintiff.

7

## TWENTY-NINTH AFFIRMATIVE DEFENSE

8

### (*Punitive Damages Unconstitutional*)

9   Any punitive damages claimed by Plaintiff is in violation of, and are barred by, the

10 Constitution of the United States, including, but not limited to, the Due Process and Equal Protection

11 Clauses contained in the Fifth and Fourteenth Amendments to the United States Constitution; the

12 Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the Double

13 Jeopardy Clause in the Fifth Amendment to the United States Constitution; the Tenth Amendment to

14 the United States Constitution; and common law, public policy, and applicable statutes and court

15 rules.

16

## THIRTIETH AFFIRMATIVE DEFENSE

17

### (*Insufficient Allegations of Punitive Damages Against Corporation*)

18   Regarding all of Plaintiff's causes of action, Plaintiff's allegations are insufficient to sustain

19 the imposition of punitive damages against Defendants.

20

## THIRTY-FIRST AFFIRMATIVE DEFENSE

21

### (*Additional Affirmative Defenses*)

22   Defendants currently have insufficient information available upon which to form a belief as

23 to whether they have additional, as yet unstated, affirmative defenses available.  Defendants reserve

24 the right to assert additional affirmative defenses in the event discovery indicates they would be

25 appropriate.

26   WHEREFORE, Defendants pray as follows:

27   1.  That Plaintiff's Complaint and all claims and causes of action therein be dismissed

28 with prejudice;

7

1    2.    That Plaintiff take nothing by this action;

2    3.    That judgment be entered against Plaintiff and in favor of Defendants;

3    4.    That Defendants be awarded costs incurred in this action;

4    5.    That the court grant Defendants such other and further legal or equitable relief as the

5    court deems just and proper.

6

7    Dated:    January 16, 2018              **WILSON TURNER KOSMO LLP**

8

9

10   By:    _____
            MARISSA L. LYFTOGT
11           KRYSTAL N. WEAVER
             Attorneys for Defendants
12           ACCENTURE LLP, ACCENTURE LLC and
             ZENTA MORTGAGE SERVICES, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS ACCENTURE LLP, ACENTURE LLC AND ZENTA MORTGAGE SERVICES, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT

| SACRAMENTO SUPERIOR COURT, STATE OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED) <br> *Richard Mills v. Accenture LLP, etc. et al.* | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): <br> MARISSA L. LYFTOGT (259559) <br> KRYSTAL N. WEAVER (286930) <br> WILSON TURNER KOSMO LLP <br> 550 West C Street, Suite 1050 <br> San Diego, CA 92101 | TELEPHONE NO.: <br> Tel. (619) 236-9600 <br> Fax: (619) 236-9669 | |
| ATTORNEYS FOR: <br> Defendants ACCENTURE LLP, <br> ACCENTURE LLC and ZENTA <br> MORTGAGE SERVICES, LLC | HEARING DATE – TIME | CASE NUMBER: 34-2017-00223213 |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Turner kosmo LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On January 16, 2018, I served the following documents:

1.  DEFENDANTS ACCENTURE LLP, ACCENTURE LLC AND ZENTA MORTGAGE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

I served the documents on the person below, as follows:

JML Law, APLC
Joseph M. Lovretovich, Esq.
David Tibor, Esq.
Mythily Sivarajah, Esq.
21052 Oxnard Street
Woodland Hills, California 91367
Tel: (818) 610-8800 / Fax: (818) 610-3030
Email: jml@jmllaw.com / Email: david@jmllaw.com / Email: mythily@jmllaw.com

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on January 16, 2018, at San Diego, California.

_Ingrid L. Ekis_

Ingrid L. Ekis

EXHIBIT C

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

Superior Court Of California,
Sacramento

12/05/2017

aseagle

By _____ , Deputy

Case Number:
**34-2017-00223213**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

ACCENTURE LLP, an Illinois limited liability partnership;
ACCENTURE LLC, an Illinois limited liability company;

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

RICHARD MILLS, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): Sacramento County Superior Court | CASE NUMBER (Número del Caso): |
|---|---|

720 Ninth Street
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Joseph M. Lovretovich; David F. Tibor; Mithily Sivarajah 21052 Oxnard St. Woodland Hills, CA 91367
(818) 610-8800

| DATE: (Fecha) | DEC - 5 2017 | Clerk, by (Secretario) | A SEAGLE | , Deputy (Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Accenture LLC, an Illinois limited liability company

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other (specify): Corp Code 17061.

4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: MILLS v ACCENTURE LLP | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ZENTA MORTGAGE SERVICES, LLC, a Delaware limited liability company; and Does 1-50; inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME:     Gordon D Schaber Courthouse<br><br>PHONE NUMBER:     (916) 874-5522 | FOR COURT USE ONLY |
|---|---|
| **SHORT TITLE:**     Mills vs. Accenture LLP an Illinois limited liability p | |

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2017-00223213-CU-WT-GDS |
|---|---|

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 06/07/2018 in Department  30  in accordance with California Rules of Court 212.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR          Page: 1



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

December 20, 2017

Accenture LLC
Deidre Desideri
Accenture
161 N. Clark Street
CHICAGO IL 60601

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item: 2017-163**

| | | |
|---|---|---|
| 1. | **Client Entity:** | Accenture LLC |
| 2. | **Title of Action:** | Richard Mills vs. Accenture LLP; Accenture LLC; Zanta Mortgage Services, LLC; et al. |
| 3. | **Document(s) Served:** | Summons<br>Instructions for Use<br>Notice of Case Management Conference and Order to Appear<br>Civil Case Coversheet |
| 4. | **Court/Agency:** | Sacramento County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 34-2017-00223213 |
| 7. | **Case Type:** | Wrongful Termination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Monday 12/18/2017 |
| 10. | **Date to Client:** | Wednesday 12/20/2017 |
| 11. | **# Days When Answer Due:** 30<br>**Answer Due Date:** 1/17/2018 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:** <br>**(Name, Address and Phone Number)** | JML Law<br>Woodland Hills, CA<br>818-610-8800 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please note the Hearing Date referenced in the document is 6/07/18<br>Please note there are other Due Dates listed in the document<br>Also Attached:<br>*Complaint |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410   Tel:    Fax:
www.CorporateCreations.com