WILSON TURNER KOSMO LLP
MARISSA L. LYFTOGT (259559)
KRYSTAL N. WEAVER (286930)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: mlyftogt@wilsonturnerkosmo.com
E-mail: kweaver@wilsonturnerkosmo.com

Attorneys for Defendants
ACCENTURE LLP, ACCENTURE LLC and
ZENTA MORTGAGE SERVICES, LLC

JML LAW APLC
JOSEPH M. LOVRETOVICH (73403)
MYTHILY SIVARAJAH (252494)
21052 Oxnard Street
Woodland Hills, California 91367
Telephone: (818) 610-8800
Facsimile: (818) 610-3030
E-mail: jml@jmllaw.com
E-mail: mythily@jmllaw.com

Attorneys for Plaintiff
RICHARD MILLS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MILLS, an individual,<br><br>        Plaintiff,<br><br>      v.<br><br>ACCENTURE LLP, an Illinois limited liability partnership; ACCENTURE LLC, an Illinois limited liability company; ZENTA MORTGAGE SERVICES, LLC, a Delaware limited liability company; and DOES 1-50 inclusive,<br><br>        Defendants. | Case No. 2:18-CV-00184-MCE-KJN<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>Complaint Filed: December 5, 2017<br><br>District Judge: Hon. Morrison C. England, Jr.<br><br>Magistrate Judge: Hon. Kendall J. Newman<br><br>Trial Date: Not Set |

IT IS HEREBY STIPULATED, by and between Plaintiff RICHARD MILLS ("PLAINTIFF") and DEFENDANTS ACCENTURE LLP, ACCENTURE LLC and ZENTA MORTGAGE SERVICES, LLC (collectively, "DEFENDANTS"), by and through their respective counsel of record, as follows:

WHEREAS, the Parties expect that discovery in this action will encompass confidential and proprietary documents and trade secrets of one or more of the Parties, including, without limitation, employee personnel files, human resources investigation documents, employee performance evaluations, employee termination documents, training manuals, policies and procedures, business strategies, internal communications and/or processes or systems, PLAINTIFF'S medical and/or psychiatric records, communications between PLAINTIFF and his medical providers, and potentially other non-public information of PLAINTIFF or other individuals.

THEREFORE, the Parties request, through this Stipulated Protective Order, that the Court enter a Protective Order as follows:

## I.   SCOPE OF, AND PARTICULARIZED NEED FOR, A PROTECTIVE ORDER

A.     Pursuant to Civil Local Rule 141.1(c)(1), the types of information eligible for protection include any information, document, thing, or portion of any document or thing (including deposition testimony and exhibits thereto) which the producing party otherwise believes in good faith: (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales, security features of the party's products or property or other confidential business information which the party takes appropriate efforts to keep confidential; (b) contains private or confidential personal information (including customer information), including, but not limited to, home addresses, electronic mail addresses, Social Security numbers, financial account numbers, driver's license numbers, dates of birth, employment information; (c) contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (collectively, "Confidential Information").

B.     Pursuant to Civil Local Rule 141.1(c)(2), there is a need to protect each category of documents, things, or portions of any document or thing referred to in Section I.A, because a party's

trade secrets, confidential, competitive, or proprietary information could be abused if its use were not limited to this lawsuit. For example, third party competitors could exploit the following types of confidential information to their advantage were it made public: (1) a party's financial information; (2) research, development, and technical information and specifications; and (3) customer information. In some cases, disclosure of this type of confidential information could breach confidentiality agreements or violate private consumer protection laws.

C.       Pursuant to Civil Local Rule 141.1(c)(3), the Parties seek a Protective Order , as opposed to entering into a private agreement, because the proposed Protective Order provides a mechanism for the resolution of disputes and handling of designated evidence that involves the Court and this litigation.

D.       This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

## II.     DESIGNATION

A.       Any party to this litigation or any third-party covered by this Order, who produces or discloses any Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential Material"). Such designation shall only be made if the individual making the designation believes in good faith that the material is his, her, or its Confidential Information which is not otherwise available to the public generally, or is Confidential Information which the person believes is or may be encompassed by a pre-existing confidentiality agreement with any other person.

B.       A party's or a non-party's failure to designate a document as Confidential Material where the document was produced by another party and designated by the producing party as that party's Confidential Information shall not be constructed to waive the non-designating party's claim, with respect to present or future litigation between these or other parties, that the document contains the non-designating party's Confidential Information. Further, a party may later designate

documents as Confidential Material even if previously not designated as such, so long as the party in good faith determines that such documents would have been designated as such.

C.    With respect to any depositions or pretrial testimony, or portions thereof, that involve disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Section III.B (1), (2), (3), (4) and (6) below, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Section III.B (1), (2), (3), (4) and (6) below during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Sections II.D,  E and H.

D.    Any party to this litigation and any third-party that designates information, documents, items or oral or written communications for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

E.    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

F.    This Order shall not deprive the Parties of the right to object to the discovery of any information, document, or thing, or portion of any document or thing which the Parties otherwise believe in good faith contains extremely sensitive financial, business, or personal information, and

should only be seen by counsel under an "ATTORNEYS' EYES ONLY" designation. The Parties retain the right to seek a further protective order from the Court should such information be sought and the other Party retains the right to oppose the withholding from production of any such information and any request to seek a further protective order on this basis.

G. If counsel for a party receiving documents or information designated as Confidential Material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

1. Counsel for the objecting party shall serve on the designating party or third-party a written objection to such designation, which shall identify the documents or information in question. Counsel for the designating party or third-party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

2. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Magistrate Judge within seven (7) court days of the Parties reaching an impasse or fourteen (14) court days of the initial notice of challenge, whichever is earlier. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

H. The recipient of any Confidential Material that is provided under this Order shall maintain the records in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such records as is exercised by the recipient with respect to its own Confidential Information.

I. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a

nonconfidential basis, shall be deemed or considered to be Confidential Information under this Order.

**III.    LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION SUBJECT TO THIS ORDER**

A.    All Confidential Information shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Section III.B, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court.

B.    Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated as Confidential Material only to:

1.    Counsel for the Parties, including outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties, as well as employees of all such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

2.    Experts or consultants of the receiving party to whom disclosure is reasonably necessary for this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

3.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

4.    The Court and its personnel;

5.    Any witness may be shown or examined on any information, document or thing designated as Confidential Material, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

6.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

7.    Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support

-6-

personal, ESI vendors and consultants, jury consultants, mock jurors, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

        8.     Mediators and their personnel; and

        9.     The Parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

        C.     Confidential Material shall be used only by individuals permitted access to it under Section III.B. Such Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

        D.     Upon final conclusion of this litigation, including the expiration of any appeals thereof, each party or other individual subject to the terms hereof shall be under an obligation to certify that they have either returned to opposing counsel or destroyed all originals and unmarked copies of documents and things containing Confidential Material and to destroy, should such source so request, all copies of Confidential Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order.

## IV.    FILING DOCUMENTS MARKED CONFIDENTIAL UNDER SEAL

        A.     In the event any documents designated as Confidential Material are to be used in any court proceeding in connection with this litigation, the party seeking to submit the Confidential Material will provide written notice to the party that designated the Confidential Material at least two court days prior to filing said documents. If the designating party objects to the documents becoming part of the public record, the party seeking to use such documents must seek an order from this Court permitting the party to file materials under seal pursuant to Civil Local Rule 141.

B.     If the Confidential Material is used in a court proceeding in connection with this litigation it shall not lose its Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

## V.     SUBPOENA BY OTHER COURTS OR AGENCIES

A.     If another court or administrative agency subpoenas or orders production of documents designated as Confidential Material which a party has obtained under the terms of this Order, before complying with the subpoenas or orders, such party shall promptly notify the party of other person who designated the documents of the pendency of the subpoena or order.

## VI.     MODIFICATION/FURTHER AGREEMENTS

A.     This Order may be modified by agreement of the parties, subject to Court approval. In addition, the Court may modify the Protective Order in the interests of justice and for public policy reasons.

### APPROVED AS TO FORM AND CONTENT

**WILSON TURNER KOSMO LLP**

Dated:     April 9, 2018

By:     /s/ Krystal Weaver
        MARISSA L. LYFTOGT
        KRYSTAL N. WEAVER
        Attorneys for Defendants
        ACCENTURE LLP, ACCENTURE LLC and
        ZENTA MORTGAGE SERVICES, LLC

**JML LAW APLC**

Dated:     April 9, 2018

By:     /s/ Mythily Sivarajah  (authorized on 4/3/18)
        JOSEPH M. LOVRETOVICH
        MYTHILY SIVARAJAH
        Attorneys for Plaintiff
        RICHARD MILLS

**SIGNATURE ATTESTATION**

I hereby attest that I have obtained the concurrence of Mythily Sivarajah, counsel for Plaintiff, for the filing of this stipulation.


/s/   Krystal N. Weaver


**ORDER**

The Court hereby adopts the Parties' Stipulated Protective with the following amendments and clarifications:


1. The parties shall comply with the provisions and procedures of Local Rules 140 and 141 with respect to sealing or redaction requests.  To the extent that the parties' stipulation conflicts with the Local Rules, the Local Rules shall govern.

2. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

4. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.


Dated:  April 9, 2018


KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

1   WILSON TURNER KOSMO LLP
    MARISSA L. LYFTOGT (259559)
2   KRYSTAL N. WEAVER (286930)
    550 West C Street, Suite 1050
3   San Diego, California 92101
    Telephone: (619) 236-9600
4   Facsimile: (619) 236-9669
    E-mail: mlyftogt@wilsonturnerkosmo.com
5   E-mail: kweaver@wilsonturnerkosmo.com

6   Attorneys for Defendants
    ACCENTURE LLP, ACCENTURE LLC and
7   ZENTA MORTGAGE SERVICES, LLC

8   JML LAW, APLC
    JOSEPH M. LOVRETOVICH (73403)
9   MYTHILY SIVARAJAH (252494)
    21052 Oxnard Street
10  Woodland Hills, California 91367
    Telephone: (818) 610-8800
11  Facsimile: (818) 610-3030
    E-mail: jml@jmllaw.com
12  E-mail: mythily@jmllaw.com

13  Attorneys for Plaintiff
    Richard Mills

14

15                  **UNITED STATES DISTRICT COURT**

16                  **EASTERN DISTRICT OF CALIFORNIA**

17

18  RICHARD MILLS, an individual,            Case No. 2:18-CV-00184-MCE-KJN

19               Plaintiff,                  **AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**

20          v.
                                             Complaint Filed: December 5, 2017
21  ACCENTURE LLP, an Illinois limited liability
    partnership; ACCENTURE LLC, an Illinois   District Judge:    Hon. Morrison C. England, Jr.
22  limited liability company; ZENTA MORTGAGE
    SERVICES, LLC, a Delaware limited liability  Magistrate
23  company; and DOES 1-50 inclusive,         Judge:            Hon. Kendall J. Newman

24               Defendants.                  Trial Date:       Not Set

25

26

27

28

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of that order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

    6.    I will limit use of Confidential Information disclosed to me solely for the purposes of this action.

    7.    No later than the final conclusion of the case, I will return all Confidential Information and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____ _____, 20___       _____

                                    Name: